Henderson v. Hays.

---

MAJOR HENDERSON AND WILSON BANKS v. WILLIAM HAYS ET AL.

1. Title cannot be derived through a sheriff's deed, unless it appears affirmatively by recitals in the deed, or by proof *aliunde*, that the sheriff has advertised the sale according to law.
2. This established rule was not changed by the act of March 25th 1864. *Pamph. L., p.* 498.

In error to the Supreme Court.

For the plaintiffs in error, *W. E. Potter.*

For the defendant in error, *D. J. Pancoast.*

The opinion of the court was delivered by

VAN SYCKEL, J. The action below was brought to recover damages by trespass upon lands.

The plaintiffs derived their title through a deed from John Sibley, sheriff of Cumberland county, to Thomas Lee and James Hankins, dated April 19th, 1817, recorded September

10th, 1817. There is no recital in this deed that the sale of the premises was previously advertised, as the law directs, nor was there any proof, on the trial of the cause, of such advertisement of the sale.

The act of March 25th, 1864, (*Pamph. L.*, *p.* 498 ; *Rev.*, *p.* 1045,) is relied upon to support the title under the deed in question. It will be necessary, therefore, in construing this act of the legislature, to consider how the law stood when it was passed.

In *Den* v. *Despreaux*, 7 *Halst.* 182, it was held that, in deducing title under a sheriff's sale, the judgment and execution are to be shown, as well as the deed from the sheriff to the purchaser.

This was the settled rule, repeatedly recognized. *Den* v. *Farlee*, 7 *Halst.* 326.

A sheriff's deed is admissible in evidence, although it contains no recital of the advertisement of sale. It is not indispensably necessary to make such recital, as it is not required by the statute. The want or omission of such recital imposes on the party claiming under the deed the proof that the necessary public notice has been given. It must positively appear by recitals in the deed, or by proof *aliunde*, that the sheriff has advertised the sale according to law. *Den* v. *Downam*, 1 *Green* 136 ; *Den* v. *Philhower*, 4 *Zab.* 796.

In this state the recital in a sheriff's deed of a compliance with the requirements of the statute as to advertisement, has always been regarded as sufficient *prima facie* evidence of the fact. In the absence of such recital the party must adduce other proof. *Osborne* v. *Tunis*, 1 *Dutcher* 633.

Presumption that such advertisement has been made will not arise simply from lapse of time in favor of ancient deeds. There must be some other circumstance besides the mere fact that the deed is ancient, to justify the presumption that the sale was duly advertised, in the absence of recital to that effect. The cases which support such presumption are cases where possession has accompanied and followed the deed. *S. C.*, 1 *Dutcher* 663.

Henderson v. Hays.

The case of *Nichols* v. *Disner*, 5 *Dutcher* 293, holding that the title of a purchaser of land at sheriff's sale cannot be impeached by parol evidence that the judgment was satisfied before the sale, was affirmed by the Court of Errors in November, 1863. 2 *Vroom* 461.

The certificate of the clerk upon a writ of execution, that it was actually recorded before it was delivered to the sheriff, was *prima facie* evidence of that fact, but was subject to be contradicted. *Voorhees* v. *Chaffers*, 4 *Zab.* 507 ; *Den* v. *Gaston, Id.* 818 ; *S. C.*, 1 *Dutcher* 615.

1. Prior, then, to the act of 1864, it was necessary to show the judgment and execution upon which the sheriff's deed was founded.

2. It was competent to show that the execution had not been actually recorded before its delivery to the sheriff; and

3. The recital in the sheriff's deed that he had duly advertised the sale, could be contradicted.

The legislature, therefore, had in view the fact that these were contestable matters when this enactment was passed entitled " An act for the better security of titles to land sold by sheriffs and other officers," &c.

The second section of the act provides that the conveyance of any land sold by any sheriff or other officer in pursuance of a decree, judgment, execution or order of a court, &c., shall be good and sufficient *prima facie* evidence of the truth of the recital in the said deed or conveyance contained.

The third section provides " that when a conveyance of any land or real estate sold as aforesaid shall hereafter be duly made and acknowledged or approved as aforesaid, or shall have been heretofore duly made and acknowledged more than seven years before the same shall be offered in evidence, no evidence shall be received or be of any force or avail against any *bona fide* purchaser holding under such conveyance, or his heirs or assigns, that the execution had not been duly recorded before it was delivered to the sheriff, or that the sale of said land or real estate had not been duly advertised, or that the money recovered or ordered to be made by the

decree, judgment or execution had been paid before the sale,. unless the payment or satisfaction of such decree, judgment or execution shall have been entered of record before said sale."

The act of 1864, and the supplement, (*Pamph. L.*, 1869, *p.*. 1238; *Rev.*, *p.* 1045,) directing that recitals in a deed given by a public officer shall be *prima facie* evidence of the facts. recited, do not at all affect the title under the deed, but only change the rule of evidence as to the manner of proving the facts required to constitute a valid sale, and it applies where a deed given before the passage of the act is offered in evidence. *Campbell* v. *Dewick*, 5 *C. E. Green* 186.

By the second section of the act of 1864, conveyances theretofore made, or thereafter made, were declared to be *prima facie* evidence of the truth of the recitals therein contained.

It did not dispense with the necessity of such recitals as before that had been adjudged to be necessary, but gave to all the recitals, including that of the judgment and execution, the force of evidence for the party offering the deed, until it was overcome by counter-testimony.

The great peril to titles was that although it might be recited in the deed that the execution had been duly recorded,. and the sale duly advertised, it was competent to controvert these statements by other testimony.

This was clearly the mischief at which the third section of the act of 1864 was aimed, in providing that no evidence shall be received, or be of any force or avail against any *bona fide* purchaser, that the execution had not been duly recorded before it was delivered to the sheriff, or that the sale had not been duly advertised.

As to deeds made after the act, such testimony was absolutely excluded, and it was also made incompetent as to all deeds which had then been executed more than seven years.

As to past transactions the legislature deemed it wise to establish a period of limitation behind which suitors would not be permitted to call in question these material recitals.

There is no declaration in this legislation that a sheriff's.

deed shall be *prima facie* evidence of any fact which it does not recite, and there is nothing in it from which such a legislative intent can be inferred. A purpose to overturn a well-established rule of law on a subject so important would have been expressed.

The third section does not build up the title, nor give force to that which before had no efficacy, but it presents a *prima facie* title resting upon the evidence of recitals from being torn down by counter-testimony.

It operates in favor of a party who, under his conveyance, has a valid title upon which he can rest. It supplies no defects in that title, apparent on the face of his deed; it simply estops the adversary from resorting to parol evidence to expose latent defects or irregularities in conducting the sale. Its restraint operates exclusively upon the party who assails the title under the deed; he shall not submit evidence to contradict the matters specified.

But the party who claims under the deed must show a valid title. It must appear that his deed is duly made, and if it fails to recite the essential facts, the burden lies upon him to prove them by evidence *aliunde*. Failing in that, there is nothing for the adverse party to contradict; it is a failure on the part of the sheriff's grantee to establish his case.

The third section also provided, out of abundant caution, that the fact that the judgment was unpaid at the time of sale could not be litigated, except where satisfaction was of record, because the right to contest that matter had been so recently in controversy. *Nichols* v. *Disner*, 5 *Dutcher* 293; *S. C.*, 2 *Vroom* 461.

In the deed offered, on the trial of this cause below, there was no recital that the sale was duly advertised, and no proof of that fact *aliunde*, and therefore the plaintiff through that conveyance could derive no title to the *locus in quo;* his case failed for want of evidence on his part. It was not necessary for the defendant to offer any evidence that the land had not been duly advertised, the plaintiff having failed to make a *prima facie* case. The plaintiff did not put himself in a posi-

tion to invoke the benefit of the prohibition contained in the third section of the act of 1864.

Whether, in deeds executed since that act took effect, the recital of due advertisement in the sheriff's affidavit will support the title, where there is no such recital in the body of the conveyance, is a question which it is not intended now to decide.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, GREEN, LILLY.   10.